UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CHAD MICHAEL COBURN,

    Plaintiff,

vs.

FIRST ADVANTAGE BACKGROUND
SERVICES CORP.,

    Defendant.

Case No. 3:22-cv-190

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

---

**ORDER: (1) GRANTING DEFENDANT'S MOTION TO DISMISS (Doc. No. 18); (2) DISMISSING THIS CASE WITH PREJUDICE FOR FAILURE TO PROSECUTE; AND (3) TERMINATING THIS CASE ON THE DOCKET**

---

This is a civil case in which Plaintiff Chad Michael Coburn alleges Defendant First Advantage Background Services Corporation violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. Doc. No. 1. This case is before the Court on Defendant's motion to dismiss for lack of prosecution. Doc. No. 18.

**I.**

Plaintiff filed his complaint with the assistance of counsel on July 19, 2022. Doc. No. 1. After the parties filed a Rule 26(f) report (Doc. No. 10) the Court adopted a discovery plan for the case (Doc. No. 11). On September 7, 2023, Plaintiff's attorney filed a motion to withdraw as counsel. Doc. No. 16. The Court granted the motion on September 19, 2023 and required Plaintiff to file a notice of his intent to prosecute this case by November 4, 2023. Doc. No. 17. The Court then advised Plaintiff that if he did not timely respond to the Court's Order, this case could be dismissed due to his failure to prosecute. *Id.* When Plaintiff failed to file the required notice,

Defendant moved to dismiss for lack of prosecution. Doc. No. 18. Plaintiff has not responded to the Court's September 19, 2023 Order or Defendant's motion to dismiss.

## II.

"The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed . . . by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962) (italics added); *see also Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss *sua sponte* a lawsuit for failure to prosecute" (citations omitted) (italics added)).

Plaintiff's failure to comply with the Court's September 19, 2023 Order warrants dismissal of this case. *See Link*, 370 U.S. at 630–31; *see also Carpenter*, 723 F.3d at 704. Plaintiff was given forty-five days to respond to the Court's Order. Doc. No. 17. It has been over five months, and Plaintiff has not yet responded. In light of these circumstances, dismissal of this case is warranted. *See Link*, 370 U.S. at 630–31; *see also Carpenter*, 723 F.3d at 704; *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (affirming case dismissal where *pro se* plaintiff failed to comply with "readily comprehended court deadlines of which he was well-aware").

## III.

Accordingly, the Court **GRANTS** Defendant's motion to dismiss, **DISMISSES THIS CASE WITH PREJUDICE** for failure to prosecute, and **TERMINATES** this case on the docket.

**IT IS SO ORDERED.**

February 29, 2024    s/Michael J. Newman
Hon. Michael J. Newman
United States District Judge

2